ALEXANDER *v.* GREEN, SUPT., MARION CORRECTIONAL INSTITUTION.

(No. 39301—Decided June 9, 1965.)

*Mr. Alexander Alexander, in propria persona.*
*Mr. William B. Saxbe*, attorney general, and *Mr. William C. Baird*, for respondent.

*Per Curiam.* Petitioner bases his right to release on the fact that the state used an incriminating statement at his trial, which he had signed prior to his indictment and at a time when he was not represented by counsel. He claims that this statement was coerced and involuntary.

232

The question of the voluntariness of this statement was raised at his trial. A hearing was had on this question out of the presence of the jury, and, after a comprehensive hearing thereon, the court determined the statement to be admissible. The court fully instructed the jury in relation to the question of confessions and the right of the jury to determine whether such statement was voluntary and, further, that, if it found it to be involuntary, to disregard it.

Petitioner was arrested as a result of certain statements filed with the police by his daughter and stepdaughter. He was arrested on June 29, 1962, at about 9:30 in the morning. The statement was taken from petitioner on the afternoon of the same day and states the time as being 2 p. m., four and one-half hours after his arrest.

The preamble to the statement reads as follows:

"Alexander Alexander, having been charged with the crime of rape, committed upon the persons of Minerva E. Alexander (your daughter by consanguinity) and Donna J. Alexander (your daughter by affinity), and occurring over a period of time at various intervals commencing during the winter of 1956 and continuing through to May 6, 1962. All of which being committed within the state of Ohio, county of Cuyahoga.

"I am going to ask you to make a statement in reference to this crime, but before doing so, you are informed that no person shall be compelled in any criminal case to be a witness against himself, and no force, compulsion, duress or promises have been made to you.

"Q. Do you understand that the statement you give may be used either for or against you in case of trial? A. Yes.

"Q. After being informed of your constitutional rights in this matter, do you care to make a statement? A. Yes."

It is petitioner's position that irrespective of the voluntariness of the statement, if it was taken at a time when he was not represented by counsel, it was inadmissible, and the use of such statement at his trial voided his conviction. This same issue was presented to this court in his motion for leave to appeal. Such motion was denied.

The law has not yet reached the point that a statement voluntarily made by an accused after his arrest and prior to

the obtaining of counsel is inadmissible in evidence, where prior to the making of such statement the accused is informed of his right to remain silent and is told that if made the statement may be used against him. The trial court determined such statement to be voluntary, as did the jury.

Neither *Escobedo* v. *Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, nor *Massiah* v. *United States*, 377 U. S. 201, 12 L. Ed. 2d 246, are applicable or dispositive of the present case.

In *Escobedo*, the accused was represented by counsel at the time his statement was taken, and he was refused the right to consult with such counsel. The police also failed to inform him of his constitutional right to remain silent.

In *Massiah*, the evidence consisted of overheard statements made by the accused after he was indicted and while he was at large on bail. The statements were made when his counsel was not present and in fact at a time when the accused did not know that the police were listening.

In the present case, petitioner, shortly after his arrest, made a voluntary statement after he was informed that he need not make any statement, and that if he did it would be used against him.

A voluntary statement made by an accused during his interrogation after his arrest and prior to the time he has obtained counsel, after he has been informed of his constitutional right to remain silent, and after he has been informed that such statement may be used against him is admissible in evidence and its admission does not affect the validity of his conviction.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.