CARTER *v.* KOLOSKI, SUPT.

[Cite as Carter v. Koloski, Supt., 3 Ohio App. 2d 86.]

(No. 911—Decided June 16, 1965.)

*Mr. Robert Earl Carter*, in *propria persona.*
*Mr. William B. Saxbe*, attorney general, for respondent.

*Per Curiam.* In this habeas corpus action, petitioner bases his right to release upon two grounds.

First, self-incriminating statements made to police officers

after his arrest, which was after indictment, and while in jail awaiting trial. Such statements were used against him in the trial. He claims that their use violated the exclusionary rule announced by the Supreme Court of the United States in *Escobedo* v. *Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, decided June 22, 1964.

Contrary to the particular circumstances in *Escobedo* (the accused was represented by counsel at the time his statement was taken and he was refused the right to consult with his counsel), the statements were made by the petitioner after being warned that they would be used against him in trial. Furthermore, there was no objection by his counsel. This alleged error could have been reviewed by way of appeal. See, also, *Alexander* v. *Green, Supt.*, 2 Ohio St. 2d 231 (decided June 9, 1965).

Second, the assistant prosecuting attorney commented upon his failure to take the stand and testify in his own behalf. He claims that this violated the exclusionary rule announced by the Supreme Court of the United States in *Griffin* v. *California*, 14 L. Ed. 2d 106, decided April 28, 1965.

Such comment is authorized by the Ohio Constitution. See Section 10 of Article I. This alleged error could have been reviewed by way of appeal.

It is fundamental that the remedy of habeas corpus is not available as a substitute for adequate remedy by appeal.

Upon the testimony of the petitioner and the return papers of the respondent, we find that this conviction was obtained within the laws of Ohio.

This conviction was obtained on June 17, 1964. The exclusionary rule of *Escobedo* was announced on June 22, 1964. The exclusionary rule of *Griffin* was announced on April 28, 1965. Such exclusionary rules will not be given retrospective effect. See *Linkletter* v. *Walker, Warden*, decision announced by the Supreme Court of the United States, June 7, 1965, 14 L. Ed. 2d 601.

*Petitioner remanded to custody.*

RUTHERFORD, P. J., McLAUGHLIN and VAN NOSTRAN, JJ., concur.